**Mohibul SARKER; Maria Sarker; Mahin Sarker, Petitioners,**

**Shamimara Sarker, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–3219, 03–3220.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2004.

Salim Sheikh, New York, NY, for Petitioners.

Jennifer Paisner, Allen W. Hausman, Emily A. Radford, Washington, DC, for Respondent.

Before GUY and SUTTON, Circuit Judges; CARR, District Judge.*

*ORDER*

Mohibul, Shamimara, Maria and Mahin Sarker, citizens of Bangladesh currently residing in Tennessee, petition through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying their requests for asylum and withholding of removal. The Sarkers filed two petitions for review, which have been consolidated. A stay of removal was granted pending disposition of this case. Counsel for the Sarkers has waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Sarkers, a husband and wife and their two now adult children, entered the United States from Bangladesh in 1993, and overstayed their visas. They were placed in removal proceedings and applied for the above relief as well as voluntary departure. A hearing was held before an immigration judge (IJ), at which the lead petitioner, the husband, testified that he had been subjected to persecution and feared persecution if he returned to Bangladesh on the basis of his political opinion. Sarker was born in 1955. His father helped finance his purchase of a garment factory in the capital city, which Sarker ran successfully. He was also politically active as vice president of his neighborhood organization of the Jatiyo party. His problems began in 1991, when the Jatiyo party lost an election to an opposition party, the BNP. Sarker testified that members of the BNP threw Molotov cocktail bombs at his house, attempted to kidnap him, extorted money from his business,

and destroyed some of his factory equipment. In 1992, Sarker was purposely struck by a jeep driven by a BNP supporter, and was beaten after speaking at a rally, and cut with a knife. In 1993, Sarker was arrested and tortured for nine days. After his release, he received threats by telephone. Finally, his half-brother, who was jealous of Sarker's success at the garment factory, used several BNP supporters to help him take over the factory. The Sarkers fled Bangladesh following this incident.

The IJ concluded that Sarker had been a willing participant in the violent political scene in Bangladesh, and that he did not decide to leave the country until his half-brother took over his factory, an event that was motivated by personal jealousy rather than political opinion. Moreover, the IJ noted that, since the Sarkers left Bangladesh, a third party had won election to power, the Awami League. The State Department Country Report indicated that members of the Jatiyo party would have no reason to fear persecution at the hands of the Awami League if they returned to Bangladesh. Accordingly, the IJ denied all the relief requested. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion, and these petitions for review followed.

Initially, we note that the affirmance without opinion by the BIA is objected to in a cursory fashion in the Sarkers' brief. This court has recently upheld the procedure employed by the BIA against claims that it violates the Due Process Clause. *Denko v. INS,* 351 F.3d 717, 731–32 (6th Cir.2003). To the extent this case raises this issue, it is without merit.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

A petition for review of a decision denying asylum can be granted only where the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In this case, the IJ concluded that the event which caused the Sarkers to leave Bangladesh was the takeover of the factory by the half-brother, and that this was not persecution based on political opinion, but a personal dispute motivated by family jealousy. The Sarkers point out that persecution may have more than one motive, and so long as one motive is a protected ground, the requirements for establishing refugee status are satisfied. *Singh v. Ilchert*, 63 F.3d 1501, 1509–10 (9th Cir.1995). Thus, because the half-brother could not have taken over the factory without the support of the BNP members who were motivated by political opinion, the Sarkers argue that they have established past persecution. Respondent argues that, although the IJ could have found persecution in this case, the evidence was not such that he was compelled to do so, and the standard of review therefore requires that the petitions be denied. *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Even if the IJ erred in finding that the Sarkers had not established past persecution, he also alternatively held that the Sarkers had no well-founded fear of future persecution because of changed country conditions. *See Ouda v. INS*, 324 F.3d 445, 452 (6th Cir.2003). The evidence of record showed that a third party was now in control of the government of Bangladesh, and that supporters of the Jatiyo party should have nothing to fear, particularly if they were only active on a local level, as was Sarker.

Thus, even if the Sarkers had established past persecution, the IJ's decision that objectively they could have no well-founded fear of future persecution is supported by substantial evidence. Because the standard for eligibility for asylum is more lenient than the standard for withholding of removal, the denial of withholding is also supported by substantial evidence. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 440–41, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Therefore, the petitions for review are denied.